888 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Adam STARCHILD, Plaintiff-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Defendant-Appellee.
 No. 89-6588.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 30, 1989.
Decided Oct. 20, 1989.
 
 Adam Starchild, appellant pro se.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Adam Starchild, a federal inmate incarcerated at the federal correctional institution at Sandstone, Minnesota, appeals the order of the district court dismissing his civil action seeking declaratory relief under the Administrative Procedures Act, 5 U.S.C. Sec. 701. In his complaint Starchild challenged the manner in which the United States Parole Commission has interpreted the regulation providing for valuation of property in thefts, forgeries, frauds, and similar offenses. The district court concluded that Starchild's action sought to ultimately reduce the time that Starchild would have to serve on his sentence; therefore, his claim was one for habeas corpus relief. As such, the action must be brought in the district court in the judicial district where Starchild is incarcerated. The court dismissed the complaint without prejudice for that reason. We agree and affirm the order.
 
 
 2
 Because Starchild is essentially seeking to challenge a regulation affecting his length of incarceration, his remedy is under the habeas corpus provisions of 28 U.S.C. Sec. 2241. In fact, section 703 of the Administrative Procedures Act specifically contemplates the use of habeas corpus actions for challenges to agency actions.
 
 
 3
 Although it is true that Starchild complains of actions taken by the United States Parole Commission, it is the warden at the federal correctional institution in Sandstone--not the Parole Commission--who holds Starchild in custody. See Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir.1976). Because this warden cannot be reached by service of process within the District of Maryland, the district court correctly determined that it was without jurisdiction. See also Chatman-Bey v. Thornburgh, 864 F.2d 804, 810-14 (D.C.Cir.1988) (Sec. 2241 habeas corpus is the exclusive remedy for challenges to the allegedly erroneous calculation of parole eligibility dates; moreover, the petition must be brought in the judicial district of the court having personal jurisdiction over the petitioner's custodian) (en banc); Guerra v. Meese, 786 F.2d 414 (D.C.Cir.1986) (rejecting the proposition that the United States Parole Commission is the petitioner's "custodian" for challenges to parole commission actions).
 
 
 4
 Accordingly, we affirm the order dismissing the APA complaint without prejudice. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 AFFIRMED.